

**Thomas L. Sica**
Associate Attorney
Thomas.Sica@hrfmlaw.com

October 6, 2023

Honorable Nelson Stephen Roman                                       <u>**Via Fax and ECF**</u>
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: <u>Subversive Tools, Inc. v. Bootstrap Farmer LLC</u>
     SDNY Civil Action No:  7:23-cv-06946-NSR
     Our File No.:  6239.001

Dear Judge Roman:

  We represent Plaintiff Subversive Tools, Inc. ("Subversive" or "Plaintiff") in this case. We write in opposition to Defendant Bootstrap Farmer LLC's ("Defendant" or "Bootstrap") letter dated September 29, 2023 requesting a pre-motion conference to file a motion to dismiss this case.  *See*, Dkt. 10.  Plaintiff respectfully requests that this request for a pre-motion conference be denied on the basis that Defendant's proposed motion to dismiss is improper.

  Pursuant to Defendant's letter, it intends to move to dismiss the Complaint on the basis that Plaintiff's WINSTRIP® trade dress is functional "as a matter of law."  Specifically, Defendant's letter states that the "alleged trade dress is not protectable as a matter of law" because it is allegedly covered by an expired utility patent.

  Defendant's request to file a motion to dismiss on such a basis should be denied because: 1) functionality of a trade dress is an issue of fact, not law, and thus it is improper to dismiss a claim of trade dress infringement at the pleading stage, 2) the existence of a utility patent related to the item which is the subject of the asserted trade dress does not render the trade dress functional as a matter of law, and 3) the asserted trade dress is the subject of a design patent and in such situations the trade dress is presumed to be non-functional.

  Whether a trade dress is functional is a question of fact, and thus should not be decided as an issue of law at the pleading stage. The "issue of whether a trade dress is functional is 'essentially a fact question.'" *Telebrands Corp. v. Del Lab'ys, Inc.*, 719 F. Supp. 2d 283, 299 (S.D.N.Y. 2010) (citing *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 80 (S.D.N.Y. 2009)). "Because functionality is a question of fact…, it is often premature to conclude that a plaintiff has failed to establish functionality at the motion to dismiss stage." *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, 352 F. Supp. 3d 265, 278 (S.D.N.Y. 2018).  Defendant's objections on functionality are more appropriate as an affirmative defense instead of a basis for dismissal prior to the onset of discovery.  *See*, *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 224 (2d Cir. 2012). Thus, as functionality is a question of fact, not law, it should not be decided at the pleading stage.

Honorable Nelson Stephen Roman
United States District Judge
October 6, 2023
Page 2 of 3

Furthermore, Defendant's letter states that an expired utility patent "definitively forecloses Plaintiff's claims." Dkt. 10, p. 2. Such statement is contradicted by established precedent. The "existence of a prior utility patent does not completely foreclose the possibility of trade dress protection." *Keystone Mfg. Co. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 561 (W.D.N.Y. 2005). This Court has regularly declined to determine the issue of functionality prior to trial, even where a utility patent covering the same product exists. *See*, *Luv n' Care, Ltd. v. Mayborn USA, Inc.*, 898 F. Supp. 2d 634, 649–50 (S.D.N.Y. 2012) (denying motion for summary judgment on issue of functionality despite existence of utility patent on claimed product); *E-Z Bowz, L.L.C. v. Pro. Prod. Rsch. Co.*, No. 00 CIV. 8670 LTS GWG, 2005 WL 535065, at *9 (S.D.N.Y. Mar. 8, 2005) (denying motion for summary judgment to dismiss trade dress infringement claim even though "the existence of the… Utility Patent… do[es] weigh in favor of a finding of functionality"); *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, No. 16-CV-885 (JPO), 2017 WL 74729, at *8 (S.D.N.Y. Jan. 4, 2017) (denying motion to dismiss trade dress infringement claim despite existence of utility patents on the same product). Essentially, while a utility patent may be "strong" evidence that the features claimed therein are functional, it is not "definitive" evidence that mandates that a trade dress is functional as a matter of law.

Furthermore, it is well settled that a design patent covering a trade dress is presumptive proof that the trade dress is not functional. In this case, the WINSTRIP® trade dress is covered by a now-expired design patent, US D381,933. *See*, Dkt. 1-2. A design patent, "presumptively, indicates that the design is not *de jure* functional." *In re Morton-Norwich Prod., Inc.*, 671 F.2d 1332, 1342 fn. 3 (C.C.P.A. 1982); *see also*, *Topps Co. Inc. v. Gerrit J. Verburg Co.*, No. 96 CIV. 7302 (RWS), 1996 WL 719381, at *9 (S.D.N.Y. Dec. 13, 1996) ("the expiration of the design patent that [plaintiff] had obtained… is presumptive evidence of non-functionality"). The Complaint explicitly pleads that this design patent covers the WINSTRIP® Trade Dress. *See*, Dkt. 1, ¶17. Therefore, Plaintiff's trade dress, as the subject of a now-expired design patent, is presumptively non-functional based on the facts in the Complaint, accepted as true. At the very least, the design patent supports that there is a clear issue of fact regarding non-functionality of the WINSTRIP® trade dress. As such, dismissal of the Complaint on the basis that the trade dress is functional as a matter of law at the pleading stage is not appropriate.

Finally, the existence of alternative designs is evidence of non-functionality of a trade dress. *See*, *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 377 (2d Cir. 1997) (stating that the functionality "defense requires a showing that trade dress protection would deprive competitors of alternative designs"). And, the Complaint pleads that there are alternative designs available. See, Dkt. 1, ¶15. In fact, Defendant is well-aware of the existence of alternative designs for air pruning trays that would achieve the same or similar functionality as Plaintiff's design. For example, Defendant itself has previously advertised its own alternative air pruning tray design. Specifically, the below thumbnail image for Defendant's YouTube video titled "The History of Air Pruning and Soil Blocks"[1] displays one such alternative design. See:

---

[1] As previously referenced in Plaintiff's Complaint. *See*, Dkt. 1, ¶¶32-33.



      The image on the right of this thumbnail is Defendant's own alternative design for an air pruning tray which functions similarly to Plaintiff's WINSTRIP trade dress.[2] Thus, the existence of such alternative designs further underscores that deciding the issue of functionality as a matter of law at the pleading stage would be improper.

      In summary, Defendant should not be permitted to file its proposed motion to dismiss Plaintiff's Complaint in this matter. Since trade dress functionality is a question of fact, not law, it would be improper to move to dismiss this case based upon an allegation that the trade dress is functional as a matter of law. Furthermore, the alleged existence of a utility patent on the product embodying Plaintiff's trade dress does not mean that, as a matter of law, Plaintiff's trade dress is functional, especially considering that the trade dress is presumptively non-functional because it is the subject of a design patent, and the existence of plausible alternative designs. Therefore, allowing Plaintiff to file its proposed motion to dismiss and requiring this Court to decide the same would result in a waste of this Court's time and resources on a motion that cannot succeed.

      Thank you for your consideration of this matter.

      Very truly yours,

      HESLIN ROTHENBERG FARLEY & MESITI P.C.

      *Thomas Sica*

TLS/paw       Thomas L. Sica, Esq.

cc:    Stephen J. Barrett, Esq. (Via ECF)

---

[2] At some point after being served with the Complaint in this matter, Defendant removed this video from YouTube and from its website, effectively hiding some evidence of its knowledge of alternative designs.