

October 9, 2023

**Stephen J. Barrett**
212.915.5479 (direct)
Stephen.Barrett@wilsonelser.com

**VIA ECF AND FAX ((914) 390-4179)**
Honorable Nelson Stephen Roman
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:    ***Subversive Tools, Inc. v. Bootstrap Farmer LLC***; 23-cv-06946
       **Reply re: Pre-Motion Letter Addressing Proposed Motion to Dismiss**

Dear Judge Roman:

Our office represents defendant Bootstrap Farmer LLC ("Boot Strap" or "Defendant") in the above referenced matter. We write pursuant to the Court's October 6, 2023 directive (Dkt. No. 13) and in further support of Defendant's proposed motion to dismiss the Complaint for failure to state a claim.

Plaintiff's October 6, 2023 response to Boot Strap's pre-motion letter (the "Response") does not dispute that Plaintiff bears the burden of establishing non-functionality of its alleged trade dress. The Response further acknowledges that "a utility patent may be 'strong' evidence that the features claimed therein are functional." *See* Dkt. No. 12 at p. 2. Nevertheless, Plaintiff argues that functionality is a question of fact that cannot be decided on the pleadings. But this argument ignores the fact that courts in this Circuit routinely dismiss trade dress claims at the pleading stage for failure to adequately plead non-functionality. *See e.g. Wonderful Co. LLC v. Nut Cravings Inc.*, 21-cv-03960, 2023 U.S. Dist. LEXIS 171586 (S.D.N.Y. Sept. 26, 2023); *Cardinal Motors, Inc. v. H&H Sports Prot. USA, Inc.*, 20-cv-07899, 2021 U.S. Dist. LEXIS 85335 (S.D.N.Y. May 4, 2021); *Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586 (E.D.N.Y. 2017); *AJB Enters., LLC v. Backjoy Orthotics, LLC*, 16-cv-00758, 2016 U.S. Dist. LEXIS 174630 (D. Conn. Dec. 16, 2016).

Plaintiff bears the burden of alleging plausible facts that the asserted trade dress is non-functional, 15 U.S.C. § 1125(a)(3), and there is a "statutory presumption that features are deemed functional until proved otherwise by the party seeking trade dress protection." *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 30, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001). "[T]rade dress is functional, and thus not protectable, when it is 'essential to the use or purpose of


the article,'" *Cartier, Inc. v. Sardell Jewelry, Inc.*, 294 Fed. Appx. 615, 620 (2d Cir. 2008) (citation omitted), or "if it affects the cost or quality of the article." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 116 (2d Cir. 2001) (citation and quotation marks omitted). Moreover, "where an ornamental feature is claimed as a trademark and trademark protection would significantly hinder competition by limiting the range of adequate alternative designs, the aesthetic functionality doctrine denies such protection." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.*, 696 F.3d 206, 217 (2d Cir. 2012) (quoting *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 409-10 (2d Cir. 1997) and *Wallace Int'l Silversmiths, Inc. v. Godinger Silver Art Co.*, 916 F.2d 76, 81 (2d Cir. 1990)).

"Courts in this Circuit have long held that a product's 'features are deemed functional until proved otherwise by the party seeking trade dress protection.'" *AJB Enters.*, 2016 U.S. Dist. LEXIS 174630 at *12 (quoting *TrafFix Devices*, 532 U.S. at 30). Against that backdrop, Plaintiff must make "factual allegations that would overcome this presumption of functionality" in order to survive the pleading stage. *Id.*; *see also Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 341-42 (E.D.N.Y. 2014) (holding that plaintiff must plead facts "sufficient to support a reasonable inference that the…trade dress is non-functional"); *ID7D Co. v. Sears Holding Corp.*, CV 11-3677, 2012 U.S. Dist. LEXIS 52320,*20 (D. Conn. Apr. 13, 2012) ("The failure to plead non-functionality with factual particularity establishes merely the possibility and not the plausibility of and is therefore fatal to Plaintiff's trade dress claim.").

Here, Plaintiff does not—and cannot—allege facts sufficient to infer that the alleged trade dress is non-functional. To the contrary, the pleading puts the alleged trade dress squarely on all fours with the functional claims set forth in the long-expired utility patent covering the subject product.

As to functionality, the Complaint baldly (and vaguely) pleads that: "The WINSTRIP® Trade Dress, as a whole, is non-functional." Cmpl. ¶ 13. This is a statement of law—not fact— that the Court is not obligated to accept as true at the pleading stage. *See Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 56 F. Supp. 3d 436, 441 (S.D.N.Y. 2014) (holding that the "presumption of truth is not, however, accorded to a legal conclusion that is merely 'couched as a factual allegation' in the complaint) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

To the extent the Complaint endeavors to expand on this legal conclusion, it pleads only that "the diagonal orientation of the cells and air spaces within the tray…is non-functional because, for example, it provides no functional purpose, is not essential to the use or purpose of the product and does not affect the cost or quality of the product." (Cmpl. ¶ 14). Again, this is nothing more than Plaintiff's conclusory say-so and is therefore insufficient to state a claim. *See Wonderful Co. LLC,* 2023 U.S. Dist. LEXIS 171586 at *21-*22 (collecting cases). "Such an allegation is nothing more than a mere label and conclusion or a 'formulaic recitation of the elements of the cause of action' devoid of factual content from which such a legal conclusion could be drawn that will not pass muster under *Iqbal*." *ID7D Co.,* 2012 U.S. Dist. LEXIS 52320 at *19-*20 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Moreover, even if this bald assertion was deemed factually sufficient, Plaintiff's self-serving allegation that the diagonal orientation is non-functional is conclusively rebutted by the

expired utility patent. As discussed in Defendant's opening pre-motion letter, the expired utility patent explicitly claims the diagonal orientation of the cells as a functional, patent-protected element of the product. *See e.g.* Claim 2 of US Patent No. 5,678,356. In other words, the expired utility patent not only serves as "strong evidence that the features claimed are functional," but it also conclusively disproves Plaintiff's lone factual predicate for non-functionality.

Finally, where, as here, the expired utility patent was filed ***after*** the also expired design patent, any presumption of non-functionality arising from the design patent is moot. The original patent applicant walked away from any claim of non-functionality over the relevant aspects of the alleged trade dress when it explicitly claimed them as functional in the later-in-time utility patent application.

Similarly, Plaintiff's lately made claims regarding possible alternative designs ring hollow because (1) they are not plead with any specificity in the Complaint (Cmpl. ¶ 15), and (2) Plaintiff routinely advertises the alleged trade dress as having superior functionality that cannot be achieved with alternative air pruning designs.[1] Furthermore, "the fact of potential alternative designs does not establish that a claimed trade dress feature is nonfunctional." *Wonderful Co. LLC,* 2023 U.S. Dist. LEXIS 171586 at *22.

In sum, Plaintiff is attempting to exploit trademark law to extend its patent monopoly beyond the expiration of the utility patent. This effort is inappropriate and should be rejected. The Second Circuit has stressed that the "test of non-functionality in trade dress claims that are based on product design is even more critical than in trade dress claims based on packaging, because a monopoly right in the design of the product itself is more likely to preclude competition," and "rigorous application of the requirement of non-functionality is necessary to avoid undermining the carefully circumscribed statutory regimes for the protection of useful and ornamental designs under federal patent and copyright law." *Yurman Design, Inc.*, 262 F.3d at 116 (internal quotation marks and citations omitted). Likewise, courts are cautioned against stifling competition by protecting an unregistered trade dress that is essentially an idea or a concept. *See Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 165, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995). Taken together, the relevant case law completely forecloses Plaintiff's causes of action on these facts.

In light of the foregoing, Defendant reiterates its request for a pre-motion conference to address its proposed motion to dismiss so that it may seek leave to file and, if leave is granted, so that a briefing schedule may be set.

---

[1] See e.g.,
https://www.youtube.com/watch?v=uNu5sPo5Lmw (last accessed Oct. 9, 2023);
https://www.youtube.com/watch?v=x7cNgBFIqL0 (last accessed Oct. 9, 2023);
https://www.youtube.com/watch?v=Ou2UsynSTJE (last accessed Oct. 9, 2023);
https://www.youtube.com/watch?v=nStLdzgGv2k (last accessed Oct. 9, 2023).



- 4 -

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Stephen Barrett

Stephen J. Barrett
Jura C. Zibas

cc:  All Counsel of Record via ECF