

Thomas L. Sica
Associate Attorney
Thomas.Sica@hrfmlaw.com

October 10, 2023

Honorable Nelson Stephen Roman  **Via Fax and ECF**
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York  10601

   Re:  <u>Subversive Tools, Inc. v. Bootstrap Farmer LLC</u>
      SDNY Civil Action No:  7:23-cv-06946-NSR
      Our File No.:  6239.001

Dear Judge Roman:

  We represent Plaintiff Subversive Tools, Inc. ("Plaintiff") in this case.  We write to request that this Court disregard Defendant Bootstrap Farmer LLC's ("Defendant") letter dated October 9, 2023.  *See*, Dkt. 14.  Defendant initially wrote to this Court requesting a pre-motion conference for a motion to dismiss on the basis that Plaintiff's asserted trade dress is functional "as a matter of law" due to the existence of a now-expired utility patent.  Dkt, 10, p. 1.  Plaintiff responded and opposed Defendant's request on this basis, pointing out that functionality is a question of fact not appropriate for a motion to dismiss, that the existence of a utility patent does not determine functionality as a matter of law, and that prior design patent protection is presumptive proof of non-functionality.  *See*, *generally*, Dkt. 12.

  Defendant, apparently realizing that their prior argument is futile, now instead argues that Plaintiff did not properly plead non-functionality in its Complaint.  Apart from the fact that Plaintiff did properly plead that its design was non-functional (*see*, Dkt. 1, ¶¶11-15, 17, 44), Defendant's arguments were not the basis of Defendant's original letter to this Court and, as such, Plaintiff did not address them in its response.  Therefore, these arguments are improper in Defendant's reply letter as it does not address any argument previously made to this Court.  Thus, Plaintiff respectfully requests that Defendant's reply letter dated October 9, 2023 be disregarded in its entirety, and that Defendant not be permitted to file a motion to dismiss.

  Thank you for your consideration of this matter.

         Very truly yours,

         HESLIN ROTHENBERG FARLEY & MESITI P.C.

         *Thomas Sica*

TLS/paw        Thomas L. Sica

cc: Stephen J. Barrett, Esq. (Via ECF)