

October 10, 2023

**Stephen J. Barrett**
212.915.5479 (direct)
Stephen.Barrett@wilsonelser.com

<u>**VIA ECF AND FAX ((914) 390-4179)**</u>
Honorable Nelson Stephen Roman
United States District Court
Southern District of New York
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:      **Subversive Tools, Inc. v. Bootstrap Farmer LLC; 23-cv-06946**
         <u>**Pre-Motion Letter re: Proposed Motion to Dismiss**</u>

Dear Judge Roman:

We write in response to Plaintiff's unauthorized sur-reply, dated October 10, 2023. *See* Dkt. No. 15. While we are loathe to burden the docket with additional filings, we feel that we must briefly correct the record. Plaintiff's sur-reply argues that Defendant's reply letter (Dkt. No. 14) somehow deviates from the arguments originally set forth in Defendant's opening pre-motion letter (Dkt. No. 10). This is not so.

The alleged trade dress is not protectable as a matter of law and Plaintiff has not carried its pleading burden to establish otherwise. As set forth in Defendant's opening pre-motion letter:

1. <u>***All***</u> unregistered trade dress is presumed functional and not protectable as a matter of law, and Plaintiff bears the burden of overcoming that presumption. *See* Dkt. No. 10 at p. 2 ("Because Plaintiff's alleged trade dress in unregistered, Plaintiff 'has the burden of proving that the matter sought to be protected is not functional.'15 U.S.C. § 1125(a)(3)."); *see also TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 30, 121 S.Ct. 1255, 149 L.Ed.2d 164 (2001).

2. "The Complaint describes the non-functional (and therefore allegedly protectable) aspect of the trade dress as 'the overall look and appearance of particularly shaped cells and air spaces oriented diagonally within a tray.' Cmpl. ¶ 12." *See* Dkt. No. 10 at p. 2.

3. "A review of the '356 utility patent definitively forecloses Plaintiff's claims" about the alleged non-functionality of the diagonal orientation of the product's cells. *See* Dkt. No. 10 at p. 2.



- 2 -

In other words, as the reply merely summarizes and amplifies, "Plaintiff does not—and cannot—allege facts sufficient to infer that the alleged trade dress is non-functional. To the contrary, the pleading puts the alleged trade dress squarely on all fours with the functional claims set forth in the long-expired utility patent covering the subject product." *See* Dkt. No. 14 at p. 2.

In sum, there is nothing divergent between the arguments raised in Defendant's opening letter and those set forth in its reply letter. We thank the Court for its attention to this matter.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

/s/ Stephen Barrett

Stephen J. Barrett
Jura C. Zibas

cc:  All Counsel of Record via ECF