UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
SUBVERSIVE TOOLS, INC.,

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

Plaintiff,

7:23-cv-06946-NSR-JCM

-against-

BOOTSTRAP FARMER LLC,

Defendant.
--------------------------------------------------------------- X

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.    The requesting party;

b.    Counsel, including in-house counsel;

c.    Employees of such counsel assigned to and necessary to assist in the

litigation;

    d.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    e.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

4.    "Confidential – Attorneys' Eyes Only Information" shall mean extremely sensitive "Confidential Information" that the producing Party believes in good faith is of such a sensitive or secret nature that disclosure of such information to any other Party or non-party reasonably poses the risk of competitive injury, including trade secrets or other competitively sensitive confidential research, development, financial, proprietary, or confidential business information. Information and documents designated by a party as confidential – attorneys' eyes only will be stamped "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.    Except with the prior consent of the producing party or by Order of the Court, documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a.    Counsel of record for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    b.    Consultants, experts, or investigators, retained by counsel for a party in this Action, provided that such consultant, expert, or investigator: (i) is

not currently or anticipated at the time of retention to become an officer, director, or employee of a Party or of a Party's competitor and (ii) agrees to be bound by the provisions of this Order by signing a copy Exhibit A;

c.    The Court and court personnel;

d.    An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

e.    Any other person agreed to by the producing party.

6.    Prior to disclosing or displaying the Confidential Information or the Confidential – Attorneys' Eyes Only Information to any person (except those persons listed in subsections b, c and e of Section 3 above), counsel must:

a.    Inform the person of the confidential nature of the information or documents;

b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Confidential – Attorneys' Eyes Only Information disclosed in this case is relevant or admissible. Each party

reserves the right to object to the use or admissibility of the Confidential Information or the Confidential – Attorneys' Eyes Only Information.

8.    The disclosure of a document or information without designating it as CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information or Confidential – Attorneys' Eyes Only Information subject to all the terms of this Stipulation and Order.

9.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    Notwithstanding the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. If a party wishes to file in the public record a document that another producer has designated as Confidential Information and/or Confidential – Attorneys' Eyes Only Information, the party must advise the producing party no later than five business days before the document is due to be filed, so that the producing party may move the Court to require the document to be filed under seal.

12.    Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential – Attorneys' Eyes Only Information until the expiration of the following: no later than the fourteenth day after the transcript is delivered to any designating party. Within this 14-day time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Confidential – Attorneys' Eyes Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Protective Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Confidential – Attorneys' Eyes Only Information, unless otherwise ordered by the Court, or unless expressly designated as Confidential Information or Confidential – Attorneys' Eyes Only Information during the course of the deposition and such designation is on the record in the transcript. The use of an exhibit at a

deposition shall not in any way affect its designation as Confidential Information or Confidential – Attorneys' Eyes Only Information.

13.    At the conclusion of litigation, Confidential Information and Confidential – Attorneys' Eyes Only Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed.

14.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Confidential – Attorneys' Eyes Only Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

Dated: March 27, 2026

White Plains, New York

s/ **Thomas L. Sica**

Counsel for Plaintiff

s/ **Stephen J. Barrett**

Counsel for Defendant

SO ORDERED.

_3-30-26_

JUDITH C. McCARTHY
United States Magistrate Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
SUBVERSIVE TOOLS, INC.,

                                                          **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

                          Plaintiff,                           7:23-cv-06946-NSR-JCM

         -against-

BOOTSTRAP FARMER LLC,

                        Defendant.
--------------------------------------------------------------X

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 2026

_____      _____

Name (printed)                         Signature